The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, Arkansas 72641-0303
Dear Senator Laverty:
I am writing in response to your request for an opinion on the following:
 Does Carroll County qualify as a multi-district county under A.C.A. [ § ] 13-2-403?
 If it does, exactly what does the Western District have to do to retain in the Western District, the library millage collected in the Western District, as if it were an individual county as per A.C.A. [ § ] 13-2-403?
RESPONSE
With respect to your first question, in my opinion Carroll County qualifies as a multi-district county for the purposes of A.C.A. §13-2-403 (Repl. 2003). I am uncertain what Question Two of your request for an opinion is asking. With respect to the procedure by which the Western District of Carroll County would levy a tax and account for the proceeds of such a tax, Amendment 38 to the Arkansas Constitution ("Amendment 38") and A.C.A. §§ 13-2-401 through-409 (Repl. 2003 Supp. 2005) provide an adequate description of procedures required. If you are inquiring whether the Western District of Carroll County may divert the proceeds from a pre-existing county-wide library tax, in my opinion such a diversion would likely be found to be violative of Arkansas law.
Question One: Does Carroll County qualify as a multi-district countyunder A.C.A. [ § ] 13-2-403?
In my opinion, Carroll County qualifies as a multi-district county for the purposes of A.C.A. § 13-2-403.
Arkansas Code Annotated § 13-2-403 states:
 In any county in this state which is divided into two (2) districts and which has two (2) county seats, each district of the county may be considered as an individual county for the purpose of levying a county library tax under the provisions of the Arkansas Constitution, Amendment 38.
Id.
Carroll County is specifically listed by the General Assembly as a county with two judicial districts each of which has a "county seat." A.C.A. § 16-17-904(b) (Supp. 2005).[1] In my opinion, the General Assembly intended the reference to a county that is divided into two districts with two county seats in A.C.A. § 13-2-403 to include Carroll County, which is specifically recognized as having two districts and county seats by the General Assembly in A.C.A. § 16-17-904.
Question Two: If it does, exactly what does the Western District haveto do to retain in the Western District, the library millage collectedin the Western District, as if it were an individual county as perA.C.A. [ § ] 13-2-403?
I am uncertain what Question Two of your request is asking. With respect to the procedure by which the Western District of Carroll County would levy a tax and account for the proceeds of such a tax, Amendment 38 and A.C.A. §§ 13-2-401 through-409 provide an adequate description of the procedures required. If you are inquiring whether the Western District of Carroll County may divert the proceeds from a pre-existing county-wide library tax, in my opinion such a diversion would likely be found to be violative of Arkansas law. *Page 2 
Arkansas Code Annotated § 13-2-403 provides that in counties with two districts, such as Carroll County, each district may act as though it were a single county for the purposes of levying a library tax pursuant to Ark. Const. amend. 38. In this respect, the Western District of Carroll County could have held a vote, imposed a tax only on the Western District, and collected such a tax pursuant to Amendment 38. Both Amendment 38 and A.C.A. § 13-2-404 (Supp. 2005) specify that any tax collected shall be in the custody of the County Treasurer. Specifically, A.C.A. § 13-2-404(a)(1) states that such funds "shall constitute a separate fund that shall be known as the `county public library fund.'" Id. Logically, if the Western District were to collect such a tax, the fund would be specified as the "Western District of Carroll County Public Library Fund." The procedures are clear in describing how a district in a multi-district county, acting as a county pursuant to A.C.A. § 13-2-403, may propose, approve, levy, and account for a public library tax.
The situation you describe, however, could be complicated if Carroll County has previously enacted a county-wide library tax and the question you pose is intended to address how the Western District of Carroll County could retain a portion of the revenue of that county-wide tax.
Article 16, § 11 of the Arkansas Constitution states in pertinent part:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other.
Id.
As described by the Arkansas Supreme Court, "if a purpose for the tax is stated either in the ordinance or in the ballot title, use of the funds for another purpose constitutes an illegal exaction." Williams v.City of Fayetteville, 348 Ark. 768, 776, 76 S.W.3d 235 (2002) (citations omitted) (emphasis added).
If there is a county-wide library tax in place, I have not reviewed the ballot title or the ordinance and, therefore, cannot comment upon the impact of the ballot title. However, if Carroll County as a whole has levied a tax, Article 16, § 11 of the Arkansas Constitution likely prohibits the Western District of Carroll County from *Page 3 
redirecting a portion of the revenue of that tax for a purpose not included on the original ballot, namely exclusively to benefit the Western District. The vote to impose a public library tax is to be put before the "qualified electors" of a county seeking to impose such a tax. Ark. Const., amend. 38, §§ 1 and 5. If the county votes as a whole to impose the tax for the benefit of the entire county, it would seem to be a notable diversion if some portion of a tax intended to be levied for a county-wide benefit were retained in only the Western District of Carroll County.
While there is no clear precedent that the diversion of tax revenue derived from a county-wide library tax to a single district of a multi-district county is improper, in my opinion it is not proper. Amendment 38 and A.C.A. §§ 13-2-401 through-409 contemplate a county proposing, voting on, levying, and collecting a county-wide tax. The authority of a single district in a multi-district county to act as a county for the purposes of Amendment 38 appears to assume that the district would levy its own tax in accordance with the procedures set forth should a county not enact a county-wide tax. As noted above, the Arkansas Supreme Court has specifically stated that if a purpose for a tax is listed on the ballot, use of the funds for any other purpose would constitute an illegal exaction. Williams, supra. If the tax was designated a county-wide tax for county purposes on either the ballot or ordinance, a diversion of that revenue would likely be considered a violation of Arkansas law. The Western District of Carroll County may not, in my opinion, undermine the vote of all of the qualified electors of Carroll County by retaining a portion of a county-wide library tax that the Western District is not authorized to withhold by the ballot or enabling ordinance authorizing the tax.
Amendment 38 does contain provisions to modify or abolish a library tax levied under its auspices. The option to raise, reduce, or abolish a tax levied pursuant to Amendment 38 must be put before the "qualified voters" under Ark. Const. amend. 38, § 3. The phrase "qualified voters," in my opinion, refers to the population of a "county having a library tax in force." Id. If a library tax currently in force is levied by Carroll County as a whole, and not just by the Western District, the vote to reduce, increase, or abolish the tax would be placed before the qualified voters of Carroll County because it is Carroll County that currently levies the tax. Furthermore, if the tax was approved to pay bonded indebtedness of a public library system, Amendment 38 specifically prohibits reducing or abolishing that tax. Ark. Const. amend. 38, § 5(e). *Page 4 
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM:JMD/cyh
[1] As noted by my predecessor, there is a lack of clarity on what does or does not constitute a second "county seat." See Op. Att'y Gen.2006-117. While the General Assembly clearly considers Carroll County to have two "county seats" as demonstrated in A.C.A. § 16-17-904 above, the practical effects of having two county seats are unclear. *Page 1